**Wanda HOTT, an individual d/b/a Ray's Towing, Plaintiff—Appellant,**

v.

**The CITY OF SAN JOSE, CALIFORNIA, a subdivision of the State of California; Bill Lansdowne, in his individual capacity and in his capacity as the Chief of Police of the City of San Jose California, Defendants—Appellees.**

No. 00–15926.

D.C. No. CV–99–20843–JF (EAI).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided Nov. 16, 2001.

Before CANBY, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM *

Plaintiff Wanda Hott appeals from the district court's dismissal of her case. On de novo review, we affirm.

Plaintiff challenges the San Jose towing ordinance that was enforced against her as preempted by the Federal Aviation Administration Authorization Act (FAAAA). That argument is procedurally barred.

In a state court proceeding that she brought to review the administrative enforcement action, Plaintiff had the opportunity to --- and did --- raise this preemption argument. The state court held that the FAAAA did not preempt the San Jose ordinance. A state court's judgment is preclusive even with respect to a federal claim, *Allen v. McCurry,* 449 U.S. 90, 105, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), if the state's requirements for the application of the doctrine are met.

Here, the issue preclusion requirements of California law are met. The question decided in the state court action was the same as the one now raised, the prior judgment was final and on the merits, and Plaintiff was a party to the earlier action. *See Producers Dairy Delivery Co. v. Sentry Ins. Co.,* 41 Cal.3d 903, 226 Cal.Rptr. 558, 718 P.2d 920, 923 (Cal.1986) (stating requirements for issue preclusion). In California, a court's judgment on the merits in an administrative mandamus proceeding has preclusive effect. *See Chevlin v. L.A. Cmty. Coll. Dist.,* 212 Cal.App.3d 382, 260 Cal.Rptr. 628, 632 (Ct.App.1989) (so holding); *Trujillo v. County of Santa Clara,* 775 F.2d 1359, 1366 (9th Cir.1985) (applying California law and holding that "a decision on a petition for writ of mandate seeking review of an administrative order is considered a final decision on the

merits for res judicata purposes under California law").

Even though this court, in a different case, came to a different conclusion on the merits of the preemption question than the California state court did here, *Tocher v. City of Santa Ana,* 219 F.3d 1040 (9th Cir.2000), *cert. denied,* 531 U.S. 1146, 121 S.Ct. 1085, 148 L.Ed.2d 960 (2001), Plaintiff is procedurally barred from relitigating the question in this forum.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.